1  Henry Ben-Zvi, State Bar No. 105419
   BEN-ZVI & ASSOCIATES
2  3231 Ocean Park Blvd., Suite 212
   Santa Monica, California 90405
3  Phn: 310.664.1570
   Fax: 310.664.1571
4  E-Mail: henry@ben-zvilaw.com

5  Attorneys for Plaintiffs RPost International, Ltd.,
   RPost US, Inc. and Avion Microservices, Inc.

E-Filing

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

C 06 1193

| | |
|---|---|
| RPOST INTERNATIONAL LTD., RPOST US, INC., AND AVION MICROSERVICES, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> AUTHENTIX – AUTHENTICATION TECHNOLOGIES LTD., PROPAT INTERNATIONAL CORPORATION, and DOES 1 THROUGH 10, <br><br> Defendants. | CASE NO. _____ <br><br> **COMPLAINT FOR DECLARATORY RELIEF** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiffs RPost International Ltd., RPost US, Inc., and Avion Microservices, Inc., for their complaint against AuthentiX-Authentication Technologies Ltd., Propat International Corporation, and Does 1 through 10, Defendants, allege as follows.

**JURISDICTION**

1.  This action arises under the Declaratory Judgment Act, 28 U.S.C.§ 2201, and concerns Defendants' threatened patent infringement lawsuit against Plaintiffs.

**VENUE**

2.  This Court has exclusive jurisdiction over this action pursuant to 28 U.S.C. § 1338(a). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and 1391(c).

**INTRADISTRICT ASSIGNMENT**

3.  This is an intellectual property action. Pursuant to Civil C.R. 3-2(c), it is assigned on a district-wide basis.

**PARTIES**

4.  Plaintiff RPost International Ltd. ("RPost International") is a corporation organized and existing under the laws of the Nation of Bermuda, and maintains its principal place of business in Hamilton, Bermuda.

5.  Plaintiff RPost US, Inc. ("RPost US"), is a corporation organized and existing under the laws of the State of Delaware, and maintains its principal place of business in Los Angeles, California.

6.  Plaintiff Avion Microservices, Inc. ("Avion"), is a corporation organized and existing under the laws of the State of Nevada, and maintains its principal place of business in Las Vegas, Nevada.

7.  RPost International, RPost US, and Avion are collectively referred to as "RPost."

8. Defendant AuthentiX-Authentication Technologies Ltd. "(Authentix") is a corporation organized and existing under the laws of the Nation of Israel, and maintains its principal place of business in Israel.

9. Defendant Propat International Corporation ("Propat") is a corporation organized and existing under the laws of the State of Texas and maintains its principal place of business in Houston, Texas.

10. Defendants Does 1 through 10 are entities whose names are currently unknown to RPost. Does 1 through 10 claim, or purport to claim, an interest in the two patents at issue in this action, and claim, or purport to claim, the right to sue RPost for patent infringement, and who claim, or purport to claim, that RPost infringes one or both of the patents at issue in this action. RPost will amend this complaint after learning the true names and capacities of these fictitiously named defendants.

## FACTUAL BACKGROUND

11. United States Patent 6,182,219 (the "'219 Patent") was issued to Michael Feldbau and Ofra Feldbau (collectively, the "Feldbaus"), who thereafter assigned the '219 Patent to Authentix. United Stated Patent 6,571,334 (the "'334 Patent") is a continuation of the '219 Patent which was issued to Authentix as assignee of Michael Feldbau and Ofra Feldbau. Authentix has substantial rights in both the '219 Patent and the '334 Patent.

12. Propat contends that it has rights under both the '219 Patent and the '334 Patent, including, <u>inter alia</u>, the right to sue for infringement of both patents.

13. On information and belief, Does 1 through 10 assert they have rights under one or both of the '219 Patent and the '334 Patent, including, <u>inter alia</u>, the right to sue for infringement of one or both patents.

14. RPost offers a service known as the "RPost Registered E-Mail" System (the "System"), a computer-based service that enables senders of electronic messages (i.e., e-mails) the ability to prove they sent specific e-mails. RPost offers the use of the System for a fee.

15. Authentix and Propat have asserted that the System infringes the '219 Patent and the '334 Patent. Authentix and Propat have made specific and explicit threats to sue RPost for infringement of both patents. These threats have caused RPost to have a reasonable apprehension of being sued for patent infringement.

16. RPost contends the '219 Patent is invalid. As a consequence, RPost cannot be liable for infringing the '219 Patent.

17. RPost contends the '334 Patent is invalid. As a consequence, RPost cannot be liable for infringing the '334 Patent.

18. RPost contends that even if the '219 Patent were valid, the System does not infringe any claim of the '219 Patent. As a consequence, RPost cannot be liable for infringing the '219 Patent.

19. RPost contends that even if the '334 Patent were valid, the System does not infringe any claim of the '334 Patent. As a consequence, RPost cannot be liable for infringing the '334 Patent.

20. RPost contends the Felbaus' inequitable conduct before the United States Patent and Trademark Office ("PTO") renders the '219 Patent unenforceable. As a consequence, RPost cannot be liable for infringing the '219 Patent.

21. RPost contends the Felbaus' inequitable conduct before the PTO renders the '334 Patent unenforceable. As a consequence, RPost cannot be liable for infringing the '334 Patent.

## COUNT 1

### (FOR A DECLARATION THAT THE '219 PATENT IS INVALID)

22. RPost realleges paragraphs 1 through 21 as though fully set forth here.

23. As a consequence of the foregoing, there is a present, actual, justiciable controversy between RPost, on the one hand, and Defendants, on the other hand. Defendants contend the '219 Patent is valid and that RPost infringes the '219 Patent. RPost contends the '219 Patent is invalid and therefore it cannot infringe the '219 Patent.

24. Defendants have threatened to sue RPost for infringing the '219 Patent.

25. The Court should declare the '219 Patent invalid.

## COUNT 2

### (FOR A DECLARATION THAT THE '334 PATENT IS INVALID)

26. RPost realleges paragraphs 1 through 21 as though fully set forth here.

27. As a consequence of the foregoing, there is a present, actual, justiciable controversy between RPost, on the one hand, and Defendants, on the other hand. Defendants contend the '334 Patent is valid and that RPost infringes the '334 Patent. RPost contends the '334 Patent is invalid and therefore it cannot infringe the '334 Patent.

28. Defendants have threatened to sue RPost for infringing the '334 Patent.

29. The Court should declare the '334 Patent invalid.

## COUNT 3

### (FOR A DECLARATION THAT THE RPOST DOES NOT INFRINGE THE '219 PATENT)

30. RPost realleges paragraphs 1 through 21 as though fully set forth here.

31. As a consequence of the foregoing, there is a present, actual, justiciable controversy between RPost, on the one hand, and Defendants, on the other hand. Defendants contend RPost infringes the '219 Patent. RPost contends it does not infringe any claim of the '219 Patent.

32. Defendants have threatened to sue RPost for infringing the '219 Patent.

33. The Court should declare that RPost does not infringe any claim of the '219 Patent.

## COUNT 4

### (FOR A DECLARATION THAT THE RPOST DOES NOT INFRINGE THE '334 PATENT)

34. RPost realleges paragraphs 1 through 21 as though fully set forth here.

35. As a consequence of the foregoing, there is a present, actual, justiciable controversy between RPost, on the one hand, and Defendants, on the other hand. Defendants contend RPost

infringes the '334 Patent. RPost contends it does not infringe any claim of the '334 Patent.

36. Defendants have threatened to sue RPost for infringing the '334 Patent.

37. The Court should declare that RPost does not infringe any claim of the '334 Patent.

## COUNT 5

### (FOR A DECLARATION THAT THE FELDBAUS' INEQUITABLE CONDUCT RENDERS THE '219 PATENT UNENFORCEABLE)

38. RPost realleges paragraphs 1 through 21 as though fully set forth here.

39. As a consequence of the foregoing, there is a present, actual, justiciable controversy between RPost, on the one hand, and Defendants, on the other hand. RPost contends the Feldbaus' inequitable conduct before the PTO rendered the '219 Patent unenforceable and therefore RPost cannot be liable for infringing the '219 Patent. Defendants contend the '219 Patent is enforceable and that RPost infringes the '219 Patent.

40. Defendants have threatened to sue RPost for infringing the '219 Patent.

41. The Court should declare that the Feldbaus' inequitable conduct before the PTO renders the '219 Patent unenforceable.

## COUNT 6

### (FOR A DECLARATION THAT THE FELDBAUS' INEQUITABLE CONDUCT RENDERS THE '334 PATENT UNENFORCEABLE)

42. RPost realleges paragraphs 1 through 21 as though fully set forth here.

43. As a consequence of the foregoing, there is a present, actual, justiciable controversy between RPost, on the one hand, and Defendants, on the other hand. RPost contends the Feldbaus' inequitable conduct before the PTO rendered the '334 Patent unenforceable and therefore RPost cannot be liable for infringing the '334 Patent. Defendants contend the '334 Patent is unenforceable and that RPost infringes the '334 Patent.

44. Defendants have threatened to sue RPost for infringing the '334 Patent.

1  45. The Court should declare that the Feldbaus' inequitable conduct before the PTO renders the '334 Patent unenforceable.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs RPost International Ltd., RPost US, Inc., and Avion Microservices, Inc. pray for relief as follows:

1. That the Court determine United States Patent No. 6,182,219 is invalid.

2. That the Court determine United States Patent No. 6,571,334 is invalid.

3. That the Court determine RPost International, Ltd., RPost US, Inc., and Avion Microservices, Inc., and none of them, infringe any claim of United States Patent No. 6,182,219.

4. That the Court determine RPost International, Ltd., RPost US, Inc., and Avion Microservices, Inc., and none of them, infringe any claim of United States Patent No. 6,571,334.

5. That the Court determine the inequitable conduct of Michael Feldbau and Ofra Feldbau before the United States Patent and Trademark Office renders United States Patent No. 6,182,219 unenforceable.

6. That the Court determine the inequitable conduct of Michael Feldbau and Ofra Feldbau before the United States Patent and Trademark Office renders United States Patent No. 6,571,334 unenforceable.

7. For costs of suit and attorneys' fees as permitted by law.

8. For such other relief as the Court may deem just and proper.

Dated: February 16, 2006

Respectfully submitted,

BEN-ZVI & ASSOCIATES

By: _____
Henry Ben-Zvi
Attorneys for Plaintiffs RPost International Ltd., RPost Us, Inc. and Avion Microservices, Inc.

## DEMAND FOR JURY TRIAL

Plaintiffs RPost International Ltd., RPost US, Inc., and Avion Microservices, Inc. demand a trial by jury as to all issues for which they are entitled to a jury trial.

Dated: February 16, 2006

Respectfully submitted,
BEN-ZVI & ASSOCIATES

By: _____
Henry Ben-Zvi
Attorneys for Plaintiffs RPost International Ltd.,
RPost Us, Inc. and Avion Microservices, Inc.