1  Timothy W. Johnson
   7519 Apache Plume
2  Houston, TX 77071
   (713) 729-4981 Telephone
3  (713) 729-4951 Facsimile
   litigation@houston.rr.com
4  Pro Hac Vice pending

5  Duncan M. McNeill
   1415 Van Dyke Ave.
6  San Francisco, CA 94124
   415.752.5063Telephone
7  dmcneill1@netzero.com
   Fed. Bar No. 136416
8
   Attorneys for the Defendant
9  Propat International Corp.

10

11

12                      UNITED STATES DISTRICT COURT

13              FOR THE NORTHERN DISTRICT OF CALIFORNIA

14

15

16 RPOST INTERNATIONAL LTD., RPOST US,        Civil Action No. CV-06-1193 (EMC)
   INC., and AVION MICROSERVICES, INC.
17                                            NOTICE OF MOTION AND
                Plaintiff,                    DEFENDANT PROPAT
18                                            INTERNATIONAL
   vs.                                        CORPORATION'S MOTION TO
19                                            DISMISS FOR LACK OF SUBJECT
   AUTHENTIX - AUTHENTICATION                 MATTER JURISDICTION UNDER
20                                            RULE 12(b)(1); TO DISMISS FOR
   TECHNOLOGIES LTD., an Israel corporation;  LACK OF PERSONAL
21 PROPAT INTERNATIONAL CORP., a Texas        JURISDICTION UNDER RULE
   corporation, and DOES 1 through 10.        12(b)(2); TO DISMISS FOR
22                                            IMPROPER VENUE UNDER RULE
                Defendants.                   12(b)(3), OR ALTERNATIVELY TO
23                                            TRANSFER VENUE UNDER 28
                                              U.S.C. § 1404(a) AND
24                                            MEMORANDUM OF POINTS AND
                                              AUTHORITIES IN SUPPORT
25                                            THEREOF

26                                            Date:   May 31, 2006
                                              Time:   10:30 a.m.
27 _____/

28

Defendant Propat's Motion to Dismiss for Lack of Subject Matter Jurisdiction , Lack of Personal Jurisdiction ...
RPost International Ltd., et. al. v. AuthentiX - Authentication Technologies Ltd., et. al.  CV-06-1193 (EMC)
Page 1

1    Defendant, PROPAT INTERNATIONAL CORP. ("Propat"), hereby gives notice of its

2    Motion to Dismiss this Action for Lack of Subject Matter Jurisdiction under Rule 12(b)(1); Lack

3    of Personal Jurisdiction under Rule 12(b)(2); for Improper Venue under Rule 12(b)(3) or

4    alternatively, to transfer this Action to the Central District of California under 28 U.S.C. §

5    1404(a).  The hearing on this Motion is scheduled for May 31, 2006 at 10:30 a.m.

6    Defendant Propat submits its Motion to Dismiss Plaintiff RPost International Ltd., RPost

7    US, Inc., and Avion Microservices, Inc.'s ("RPost") Complaint against Propat for lack of subject

8    matter jurisdiction, lack of personal jurisdiction, and improper venue, and in the alternative to

9    transfer venue to the Court of the Honorable James V. Selna, in the Central District of California.

10   The issues to be decided in this motion are whether this Court has subject matter

11   jurisdiction under the Declaratory Judgment Act to address the issues raised in the Complaint

12   against Propat.  Second, whether this Court may properly exercise personal jurisdiction over

13   Propat, a Texas corporation.  Third, whether this action should be dismissed for improper venue.

14   Finally, whether this action should be transferred to the Court of the Honorable James V. Selna

15   in the Central District of California who has a continuing jurisdiction under a Protective Order

16   relating to the maintenance of confidential information resulting from a patent infringement suit

17   between RPost and Propat over which he presided and which is currently pending appeal.

18

19

20

21

22

23

24

25

26

27

28

Defendant Propat's Motion to Dismiss for Lack of Subject Matter Jurisdiction , Lack of Personal Jurisdiction ...
RPost International Ltd., et. al. v. AuthentiX - Authentication Technologies Ltd., et. al.  CV-06-1193 (EMC)
Page 2

1

**TABLE OF CONTENTS**

2

STATEMENT OF FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

    I.     THE COURT SHOULD DISMISS THIS ACTION FOR LACK OF SUBJECT
          MATTER JURISDICTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

         A.     Legal Standard for Bringing a Declaratory Judgment Action.. . . . . . . . . 7

         B.     There Is No Actual Controversy Between Propat and Any of the Plaintiffs.
             . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

         C.     Alternatively, the Court Should Exercise its Unique Discretion and
             Dismiss this Action.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

    II.    THE COURT SHOULD DISMISS THIS ACTION BECAUSE IT LACKS
          PERSONAL JURISDICTION OVER PROPAT. . . . . . . . . . . . . . . . . . . . . . 10

    III.   THE COURT SHOULD DISMISS THIS MATTER FOR IMPROPER VENUE
          OR TRANSFER THIS CASE TO THE HONORABLE JAMES V. SELNA OF
          THE CENTRAL DISTRICT OF CALIFORNIA.. . . . . . . . . . . . . . . . . . . . . . 11

         A.     The Northern District of California is Not A Proper Venue for this Action.
             . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

         B.     Alternatively, the Court Should Transfer this Action to the Central District
             of California.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Defendant Propat's Motion to Dismiss for Lack of Subject Matter Jurisdiction , Lack of Personal Jurisdiction ...
RPost International Ltd., et. al. v. AuthentiX - Authentication Technologies Ltd., et. al.  CV-06-1193 (EMC)
Page 3

1

## TABLE OF AUTHORITIES

**CASES**                                                                                    **PAGE(S)**

2

3
EMC Corp. v. Norand Corp.,
      89 F.3d 807 (Fed. Cir. 1996)... . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

4
Inherent.com v. Martindale-Hubbell,
      2006 U.S. Dist. LEXIS 10790 (N.D. Cal. March 10, 2006).. . . . . . . . . . . . . . . . . . . . . 13

5

6
Jones v. GNC Franchising, Inc.,
      211 F.3d 495 (9th Cir. 2000).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

7
Md. Cas. Co. v. Pac. Coal & Oil Co.,
      312 U.S. 270 (1941).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

8

9
Schwarzenegger v. Fred Martin Motor Co.,
      374 F.3d 797 (9th Cir. 2004).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

10

11
Spectronics Corp. v. H.B. Fuller Co. Inc.,
      940 F.2d 631 (Fed. Cir. 1991)... . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

12
Teva Pharms. USA, Inc. v. Pfizer, Inc.,
      395 F.3d 1324 (Fed. Cir. 2005)... . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8

13
Wilton v. Seven Falls Co.,
      515 U.S. 277 (1995).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9

14

15

16
**STATUTES AND RULES**

17
28 U.S.C. § 1391... . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 12

18
28 U.S.C. § 1404... . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

19
28 U.S.C. § 2201(a).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

20
Fed. R. Civ. P. 12(b)(1). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

21
Fed. R. Civ. P. 12(b)(2)... . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

22
Fed. R. Civ. P. 12(b)(3)... . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

23

24

25

26

27

28

Defendant Propat's Motion to Dismiss for Lack of Subject Matter Jurisdiction , Lack of Personal Jurisdiction ...
RPost International Ltd., et. al. v. AuthentiX - Authentication Technologies Ltd., et. al.  CV-06-1193 (EMC)
Page 4

**STATEMENT OF FACTS**

This action is related to two previously filed actions that were consolidated into one action before the Honorable James V. Selna in the  U.S. District Court for the Central District of California.  That case is currently in the briefing stage on appeal before the U.S. Court of Appeals for the Federal Circuit having case nos. 2006-1222, -1223, 1270.

The first action was captioned Propat International Corp. v. RPost, Inc., and RPost US, Inc., and was originally filed in the United States District Court for the Northern District of California having case number CV-02-02473 (MJJ).  Judge Jenkins granted RPost's motion to transfer venue to the Central District of California.  The second action captioned Propat International Corp. v. RPost International, LTd. was filed in the United States District Court for the Southern District of Texas.  On motion from RPost, the Court also transferred venue to the Central District of Texas.  Judge Selna consolidated the cases into one action having case number CV-03-1011 (JVS).  (hereinafter "the Prior Pending Action") In the Prior Pending Action, Propat asserted patent infringement of the '219 Patent by the RPost Registered E-Mail system.

The following facts relate to the Prior Pending Action and are relevant to this motion:

1.	On January 14, 2005, Judge Selna issued a claim construction order for the '219 Patent.

2.	On January 24, 2005, RPost filed a motion for reconsideration of the claim construction and in the alternative a motion to certify the claim construction order for interlocutory appeal.  On February 9, 2005, Judge Selna denied both the motion for reconsideration and the request to certify the order for interlocutory appeal.

3.	Later that year, the parties filed respective cross motions on the issue of infringement.  After hearing oral arguments on the respective motions, Judge Selna denied RPost's motion and granted Propat's motion for partial summary judgment of infringement in its order dated August 17, 2005.  In his order, Judge Selna found that the '219 Patent was not invalid and that the RPost Registered E-Mail system infringed the '219 Patent.

4.	A trial date on the remaining issues in the case including damages and the

Defendant Propat's Motion to Dismiss for Lack of Subject Matter Jurisdiction , Lack of Personal Jurisdiction ...
RPost International Ltd., et. al. v. AuthentiX - Authentication Technologies Ltd., et. al.  CV-06-1193 (EMC)
Page 5

1    individual liability of some of the defendants was set for September 27, 2005.  On

2    September 23, 2005, Judge Selna granted Propat's request to continue the trial date due to

3    emergency hurricane evacuation orders that Propat's principle and its lead counsel were

4    responding to in Houston, Texas.  On September 30, 2005, Judge Selna held a telephone

5    conference with counsel for the parties and reset the trial date for February 14, 2006.

6    Upon the urging of Propat's counsel, Judge Selna allowed Propat the opportunity to file a

7    motion regarding the issue of standing.

8    5.        On are about October 13, 2005, RPost also filed a motion to dismiss the action for

9    lack of standing.  In its motion, RPost requested the District Court to vacate its previous

10   orders regarding the claim construction and finding of infringement.  On October 31,

11   2005, Propat in compliance with Judge Selna's pervious order filed a motion to establish

12   standing.  On November 21, 2005, Judge Selna heard oral arguments on the two motions

13   regarding standing.  On November 28, 2005, Judge Selna denied Propat's motion and

14   granted the RPost's motion to dismiss for lack of standing.  Judge Selna ordered the

15   dismissal to be without prejudice.

16   6.        On December 22, 2005, Judge Selna entered his Final Judgment dismissing the

17   action without prejudice and vacating the claim construction order and the order granting

18   Propat's motion for partial summary judgment of infringement.  Propat appealed the

19   finding of a lack of standing.  RPost's notice of cross appeal was filed on January 5,

20   2006, seeking an appeal of Judge Selna's claim construction order and Judge Selna's

21   finding of infringement.

22   7.        In his Final Judgment, Judge Selna reserved continuing jurisdiction under the

23   protective order.

24   8.        Attached hereto as Exhibit A, is the Final Judgment from the Prior Pending

25   Action.  Attached hereto as Exhibit B, is Judge Selna's order relating to Propat's

26   standing.

27

28

Defendant Propat's Motion to Dismiss for Lack of Subject Matter Jurisdiction , Lack of Personal Jurisdiction ...
RPost International Ltd., et. al. v. AuthentiX - Authentication Technologies Ltd., et. al.  CV-06-1193 (EMC)
Page 6

1

2

**ARGUMENT**

**I.   THE COURT SHOULD DISMISS THIS ACTION FOR LACK OF SUBJECT**
3   **MATTER JURISDICTION**

4       **A.   Legal Standard for Bringing a Declaratory Judgment Action.**

5       Pursuant to Fed. R. Civ. P. 12(b)(1), this Court should dismiss this action against Propat

6   because it lacks subject matter jurisdiction.  RPost has brought this action under the Declaratory

7   Judgment Act, 28 U.S.C. § 2201(a), seeking a declaratory judgment that U.S. Patent No.

8   6,182,219 ("the '219 Patent") and U.S. Patent No. 6,571,334 ("the '334 Patent") are both invalid

9   and not infringed.  The relevant part of the act is as follows:

10      In a case of actual controversy within its jurisdiction ... any court of the United

11      States, upon the filing of an appropriate pleading, may declare the rights and other

12      legal relations of any interested party seeking such declaration, whether or not

13      further relief is or could be sought.  28 U.S.C. § 2201(a).

14

15      This is a patent infringement action, therefore, Federal Circuit law applies in this case.

16  The act requires that there be "an actual controversy between the parties before a federal court

17  may exercise jurisdiction over an action for a declaratory judgment".  <u>EMC Corp. v. Norand</u>

18  <u>Corp.</u>, 89 F.3d 807, 810 (Fed. Cir. 1996).  Moreover, "[g]enerally the presence of an 'actual

19  controversy', within the meaning of the Act, depends on 'whether the facts alleged, under all the

20  circumstances, show that there is a substantial controversy, between the parties having adverse

21  legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory

22  judgment." <u>Teva Pharms. USA, Inc. v. Pfizer, Inc.</u>, 395 F.3d 1324, 1331 (Fed. Cir.

23  2005)(quoting <u>Md. Cas. Co. v. Pac. Coal & Oil Co.</u>, 312 U.S. 270, 273 (1941)).

24      In determining whether an actual justiciable controversy exists, the Federal Circuit has

25  established a two part inquiry that focuses on the conduct of both the patentee and the potential

26  infringer.  <u>Id.</u> at 1333.  First, there must be an explicit threat or other action by the patentee which

27  creates a reasonable apprehension on the part of the plaintiff that it will face an infringement suit.

28  <u>Id.</u>  Second, there must be present activity on the part of the plaintiff which could constitute

Defendant Propat's Motion to Dismiss for Lack of Subject Matter Jurisdiction , Lack of Personal Jurisdiction ...
RPost International Ltd., et. al. v. AuthentiX - Authentication Technologies Ltd., et. al.  CV-06-1193 (EMC)
Page 7

1   infringement, or concrete steps taken with the intent to conduct such activity.  Id.   Each of the

2   the Declaratory Judgment plaintiffs have the burden of proof for establishing these two prongs.

3   Spectronics Corp. v. H.B. Fuller Co. Inc., 940 F.2d 631, 634 (Fed. Cir. 1991).

4          Even if the Court finds that there is an actual controversy, the "district court is not

5   required to exercise declaratory judgment jurisdiction, but has substantial discretion to decline

6   that jurisdiction".  Teva Pharms. USA, Inc., 395 F.3d at 1331; see also Wilton v. Seven Falls

7   Co., 515 U.S. 277, 286 (1995)("Since its inception, the Declaratory Judgment Act has been

8   understood to confer on federal courts unique and substantial discretion in deciding whether to

9   declare the rights of litigants.").  However, "[w]hen there is no actual controversy, the court has

10  no discretion to decide the case".   Teva Pharms. USA, Inc., 395 F.3d at 1331.

11        **B.    There Is No Actual Controversy Between Propat and Any of the Plaintiffs.**

12         This court lacks subject matter jurisdiction over the allegations against Propat because

13  there is no actual controversy between Propat and any of the Plaintiffs.  The Plaintiffs cannot

14  individually establish the first prong of the test.

15         Upon the urging of the Plaintiffs in this case, Judge Selna in the Prior Pending Action

16  found that Propat is not the patentee of any patents owned by AuthentiX and does not have

17  standing to participate in a lawsuit related to those patents as a named party. [See Exhibits A &

18  B]  Indeed, Judge Selna, upon the urging of RPost, found that Propat possessed merely a bare

19  license.  Judge Selna's opinion and final judgment held that the agreement between Propat and

20  AuthentiX does not confer upon Propat standing to sue for infringement. [See Exhibits A & B]

21  Propat has appealed that decision and the matter remains in the briefing stage.  The relationship

22  between Propat and AuthentiX has not changed since the Court's Final Judgment. [See Exhibit

23  C]  The agreement that was the subject of the Court's final judgment regarding standing remains

24  the only agreement between Propat and AuthentiX. [See Exhibit C]  Therefore, based upon Judge

25  Selna's ruling, Propat cannot bring a lawsuit against any of the Plaintiffs and neither can any of

26  the Plaintiffs to this case be in reasonable apprehension of a lawsuit.

27         Based upon these undisputed facts, Propat cannot be the patentee in the first prong of the

28  test.  Neither could Propat have made any explicit threats or have taken other action to place any

Defendant Propat's Motion to Dismiss for Lack of Subject Matter Jurisdiction , Lack of Personal Jurisdiction ...
RPost International Ltd., et. al. v. AuthentiX - Authentication Technologies Ltd., et. al.  CV-06-1193 (EMC)
Page 8

of the Plaintiff's in reasonable apprehension of being sued.  Indeed, RPost prior to filing this lawsuit had successfully received an order in the Prior Pending Action stating that Propat cannot bring a lawsuit for infringement.  The test of whether Plaintiff's would be in reasonable apprehension of being sued is an objective test.  No reasonable person would be in apprehension of being sued by Propat after they had just obtained an order from a district court that Propat could not sue them for infringement.  Allowing RPost to maintain this action would render Judge Selna's order as well as the entire appeal process moot.

Unfortunately, RPost has engaged in this misconduct of filing this lawsuit without any factual investigation in order to circumvent the appeal process and to avoid having the matter proceed in the Central District of California before Judge Selna.  It is telling that in the Prior Pending Action, RPost submitted declarations from its CEO Mr. Zafar Khan to support its motion to transfer venue from the Northern District of California to the Central District of Cal. Now that Judge Selna has indicated that the RPost registered e-mail system does indeed infringe the '219 Patent, RPost has filed this action in this Court in an effort to avoid having the matter proceed before Judge Selna if Propat is successful on appeal.

More telling, however, is that the Plaintiffs' complaint lacks any specific factual allegations that would support subject matter jurisdiction under the Declaratory Judgment Act. Indeed, the complaint contains only generic conclusions.  There are no factual allegations to support the conclusions.  Neither is there any specific factual allegations to support any specific threats against each of the individual plaintiffs by Propat.

C. **Alternatively, the Court Should Exercise its Unique Discretion and Dismiss this Action.**

The Supreme Court has indicated that the District Court has unique discretion in deciding to entertain a case under the Declaratory Judgment Act.  see Wilton v. Seven Falls Co., 515 U.S. at 286.  Based upon the undisputed facts in this case, the Court should exercise that discretion and dismiss the action.

Propat is currently appealing the Prior Pending Action.  If Propat is successful on appeal then the case will be remanded for further proceedings.  It is likely that Judge Selna will reinstate

Defendant Propat's Motion to Dismiss for Lack of Subject Matter Jurisdiction , Lack of Personal Jurisdiction ...
RPost International Ltd., et. al. v. AuthentiX - Authentication Technologies Ltd., et. al.  CV-06-1193 (EMC)
Page 9

his previously vacated orders relating to claim construction and infringement and set the matter
for trial.  Conversely, if Propat is unsuccessful, then the finding of no standing will have been
upheld and Propat will continue to be unable to participate in a lawsuit as a named party under its
current agreement with AuthentiX.  Indeed, any judgement that this Court would render with
respect to Propat and the identified patents would be meaningless because Propat would be
incapable of binding the patentee as a participant in the litigation.  Therefore, it is respectfully
requested that the Court exercise its discretion and dismiss this action against Propat and allow
the matter run its course on appeal.

## II.     THE COURT SHOULD DISMISS THIS ACTION BECAUSE IT LACKS PERSONAL JURISDICTION OVER PROPAT

Pursuant to Fed. R. Civ. P. 12(b)(2), this Court should dismiss this action against Propat
for lack of personal jurisdiction.  It is well established that the Plaintiff bears the burden of
establishing personal jurisdiction over the Defendant Propat.  see Schwarzenegger v. Fred Martin
Motor Co., 374 F.3d 797, 800 (9th Cir. 2004).  Moreover, "because California's long-arm
jurisdictional statute is coextensive with federal due process requirements, the jurisdictional
analyses under state law and federal due process are the same".  Id. at 800-01.  Therefore, for a
"court to exercise personal jurisdiction over a nonresident defendant, that defendant must have at
least minimum contacts with the relevant forum such that the exercise of jurisdiction 'does not
offend traditional notions of fair play and substantial justice'".  Id. at 801.

The Plaintiffs' complaint does not contain any factual allegations related to an exercise of
personal jurisdiction.  Indeed, there are no allegations that this Court may properly exercise
personal jurisdiction over Propat.  The Complaint correctly states that Propat is a Texas
corporation with its principle place  business in Houston, Texas.  The Complaint, however, is
utterly lacking in any support for this Court's exercise of personal jurisdiction and therefore
should be dismissed.

Propat is a corporation organized under the laws of the State of Texas.  Its principle and
only place of business is located in Houston, Texas. [See Exhibit C]  Propat does not own any
property in California, nor does it maintain any bank accounts in California. [See Exhibit C]

Defendant Propat's Motion to Dismiss for Lack of Subject Matter Jurisdiction , Lack of Personal Jurisdiction ...
RPost International Ltd., et. al. v. AuthentiX - Authentication Technologies Ltd., et. al.  CV-06-1193 (EMC)
Page 10

1    Propat does not have any clients or customers in California. [See Exhibit C]  Propat does not

2    advertise in California. [See Exhibit C]  Propat's only connection with California is its

3    prosecution of the Prior Pending Action.  Based upon these undisputed facts and the complete

4    lack of factual allegations in the Plaintiffs' complaint, the Court should dismiss the action for

5    lack of personal jurisdiction.

6    **III.    THE COURT SHOULD DISMISS THIS MATTER FOR IMPROPER VENUE OR**
     **TRANSFER THIS CASE TO THE HONORABLE JAMES V. SELNA OF THE**
7    **CENTRAL DISTRICT OF CALIFORNIA**

8            **A.    <u>The Northern District of California is Not A Proper Venue for this Action.</u>**

9            Pursuant to Fed. R. Civ. P. 12(b)(3), this Court should dismiss this action against Propat

10   because the Northern District of California is not a proper venue.  Plaintiffs' cited statutory basis

11   for venue is Title 28 U.S.C. §§ 1391(b) and 1391(c).  Section 1391(b) recites:

12           (b) A civil action wherein jurisdiction is not founded solely on diversity of

13           citizenship may, except as otherwise provided by law, be brought only in (1) a

14           judicial district where any defendant resides, if all defendants reside in the same

15           State, (2) a judicial district in which a substantial part of the events or omissions

16           giving rise to the claim occurred, or a substantial part of property that is the

17           subject of the action is situated, or (3) a judicial district in which any defendant

18           may be found, if there is no district in which the action may otherwise be brought.

19   Section 1391(c) recites

20           (c) For purposes of venue under this chapter, a defendant that is a corporation

21           shall be deemed to reside in any judicial district in which it is subject to personal

22           jurisdiction at the time the action is commenced. In a State which has more than

23           one judicial district and in which a defendant that is a corporation is subject to

24           personal jurisdiction at the time an action is commenced, such corporation shall

25           be deemed to reside in any district in that State within which its contacts would be

26           sufficient to subject it to personal jurisdiction if that district were a separate State,

27           and, if there is no such district, the corporation shall be deemed to reside in the

28           district within which it has the most significant contacts.

Defendant Propat's Motion to Dismiss for Lack of Subject Matter Jurisdiction , Lack of Personal Jurisdiction ...
RPost International Ltd., et. al. v. AuthentiX - Authentication Technologies Ltd., et. al.  CV-06-1193 (EMC)
Page 11

1    The Plaintiffs have not indicated under which sub-section of 28 U.S.C. § 1391(b), they

2    allege venue is proper.  Neither have they set forth any facts upon which to support their

3    allegation of venue.  Section 1391(b)(1) only applies if all defendants reside in the same State.

4    As set forth in the Complaint, Propat is a Texas corporation with its principle place of business in

5    Houston, Texas.  Defendant AuthentiX is an Israel corporation with its principle place of

6    business in Israel.  The two named defendants do not reside in the same State, therefore Section

7    1391(b)(1) does not apply.

8          Section 1391(b)(2), of Title 28, equally does not apply. This section is directed to "a

9    judicial district in which a substantial part of the events or omissions giving rise to the claim

10   occurred ...".  The allegation set forth in the complaint do not identify the Northern District of

11   California as the place where any of the events complained of occurred.  Indeed, the complaint

12   contains no allegation that anything has occurred in the Northern District of California.

13   Therefore, Section 1391(b)(2) does not apply.

14         Finally, Section 1391(b)(3), of Title 28, also does not apply in this case.  This subsection

15   only applies when no other proper judicial district can be found.  In this particular case, the

16   Central District of California is a proper judicial district.  Indeed, in the Prior Pending Action,

17   RPost requested that the case be moved to the Central District of California where they are

18   located.  It appears that RPost is now attempting to avoid having this case heard by Judge Selna

19   because of his previous unfavorable ruling in regards to claim construction and infringement.

20   This Court should not reward such improper forum shopping and attempts to pit one judicial

21   district against another.

22   **B.      Alternatively, the Court Should Transfer this Action to the Central District**

23   **         of California.**

24         If the Court decides not to dismiss the action for the foregoing reasons, Propat

25   alternatively requests the Court to transfer this action to the Central District of California.  The

26   authority for a Court to transfer a case to another Court is found in Title 28 U.S.C. § 1404(a),

27   which provides:

28         (a) For the convenience of parties and witnesses, in the interest of justice, a

Defendant Propat's Motion to Dismiss for Lack of Subject Matter Jurisdiction , Lack of Personal Jurisdiction ...
RPost International Ltd., et. al. v. AuthentiX - Authentication Technologies Ltd., et. al.  CV-06-1193 (EMC)
Page 12

district court may transfer any civil action to any other district or division where it might have been brought.

"A motion to transfer venue lies within the broad discretion of the district court, and must be determined on an individualized basis". Inherent.com v. Martindale-Hubbell, 2006 U.S. Dist. LEXIS 10790, *12 (N.D. Cal. March 10, 2006)(citing Jones v. GNC Franchising, Inc., 211 F.3d 495, 498 (9th Cir. 2000)). A two step analysis to determine when transfer is proper. Id. The primary question is whether the case could have been brought in the forum to which transfer is sought. Id. If the question is affirmatively answered then the Court must make a determination of convenience and fairness. The Court may look to several factors to aid in making this determination including the forum most familiar with the governing law, the Plaintiffs' choice of forum, the respective parties' contacts with the forum, the contacts relating to the plaintiffs' cause of action in the chosen forum, and the availability of compulsory process to compel attendance of unwilling nonparty witnesses, and ease of access to sources of proof. Id.    Each of these factors weigh in favor of transferring the matter to Judge Selna's Court in the Central District of California. Importantly, Judge Selna, at the request of RPost, maintains a continuing jurisdiction over the protective order governing confidential information exchanged in the Prior Pending Action. That information included the source code and technical documentation related to the operation of the RPost Registered E-mail system which is the basis for the current action. Moreover, neither of the parties in this case has any substantial contacts with the Northern District of California that would weigh in favor of this forum. The Plaintiffs' principle place of business is located in Los Angeles, California. A majority of the witnesses and other evidence is located in the Central District of California. Indeed, it is expected that some witnesses will need to be subpoenaed to testify. Further, Judge Selna has a unique understanding of the issues related to this case including the '219 Patent as well as the parties and their counsel.

Defendant Propat's Motion to Dismiss for Lack of Subject Matter Jurisdiction , Lack of Personal Jurisdiction ...
RPost International Ltd., et. al. v. AuthentiX - Authentication Technologies Ltd., et. al.  CV-06-1193 (EMC)
Page 13

1    Therefore, if the Court does not dismiss this action for the foregoing reasons, it is

2    respectfully requested that the Court transfer venue to the Court of Judge Selna in the Central

3    District of California.

4
                                        THE DEFENDANT
5                                       PROPAT INTERNATIONAL CORP.

6

7                                       _____/s_____
                                        Duncan M. McNeill
8                                       Fed. Bar. No. 136416
                                        1415 Van Dyke Ave.
9                                       San Francisco, CA 94124
                                        415.752.5063Telephone
10                                       dmcneill1@netzero.com

11

12                                       Timothy W. Johnson
                                        (Pro Hac Vice pending)
13                                       7519 Apache Plume
                                        Houston, Texas 77071
14                                       713.729.4981 Tel
                                        713.729.4951 Fax
15                                       litigation@houston.rr.com

16                                       Attorneys for the Defendant
                                        Propat International Corp.

17

18

19

20

21

22

23

24

25

26

27

28

Defendant Propat's Motion to Dismiss for Lack of Subject Matter Jurisdiction , Lack of Personal Jurisdiction ...
RPost International Ltd., et. al. v. AuthentiX - Authentication Technologies Ltd., et. al.  CV-06-1193 (EMC)
Page 14

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was served on April 26, 2006, by electronic mail (e-mail) on the following individuals at the indicated e-mail addresses.

Henry Ben-Zvi
henry@ben-zvilaw.com
Ben-Zvi & Associates
3231 Ocean Park Blvd., Suite 212
Santa Monica, CA 90405


I declare under penalty of perjury that the foregoing is true and correct.


_____
/s
Timothy W. Johnson, Esq.