Timothy W. Johnson
(pro hac vice)
7519 Apache Plume
Houston, TX 77071
Tel: 713.729.4981
Fax: 713.729.4951
litigation@houston.rr.com

Duncan M. McNeill
1415 Van Dyke Ave.
San Francisco, CA 94124
415.752.5063 Telephone
dmcneill1@netzero.com
Fed. Bar No. 136416

Attorneys for the Defendant
Propat International Corp.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RPOST INTERNATIONAL LTD., RPOST US, INC., AND AVION MICROSERVICES, INC. | Civil Action No. C 06-1193 (EMC) |
| Plaintiffs, | **MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 11.** |
| vs. | |
| AUTHENTIX - AUTHENTICATION TECHNOLOGIES LTD., PROPAT INTERNATIONAL CORPORATION. , AND DOES 1 THROUGH 10, | Date: June 21, 2006 Time: 10:30 a.m. |
| Defendants. | |

Defendant, PROPAT INTERNATIONAL CORP. ("Propat"), hereby gives notice of its Motion for Sanctions Pursuant to Fed. R. Civ. P. 11. The hearing on this Motion is scheduled for June 21, 2006 at 10:30 a.m.

Comes now Defendant Propat and moves the Court to sanction the Plaintiffs and/or their attorney for filing the Plaintiffs' original complaint in violation of Fed. R. Civ. P. 11.

Propat Motion for Sanctions Under Fed. R. Civ. P. 11 and Brief in Support Thereof
Rpost International Ltd., et. al.  v. AuthentiX - Authentication Technologies Ltd., et. al. 06-1193 (EMC)
Page 1

1. In particular, Propat would show as follows:

   a) The original complaint for declaratory relief was filed without a reasonable or proper pre-filing investigation and in violation of the requirements of Fed. R. Civ. P. 11(b)(1) and (2). In particular, prior to filing this action the Plaintiffs knew or should have known that the Court does not have subject matter jurisdiction under the Declaratory Judgment Act. Further, prior to filing this action Plaintiffs knew or should have known that this Court does not have personal jurisdiction over the Defendant, Propat. Finally, prior to filing this action Plaintiffs knew or should have known that venue in this Court for the allegations contained in the Complaint is improper.

   b) The lawsuit was brought for an improper purpose, to wit that Plaintiffs have brought this lawsuit intentionally to circumvent the appeal process that is currently underway in the United States Court of Appeals for the Federal Circuit. Moreover, Plaintiffs have brought this case in this forum in an effort to avoid having the case assigned to the Honorable James V. Selna of the United States District Court for the Central District of California.

2. Therefore, pursuant to Fed. R. Civ. P. 11(c), Defendant requests that the Court impose monetary sanctions including the payment to the Defendant of its reasonable attorneys' fees and other expenses incurred as result of the bringing of this lawsuit.

3. Defendant Propat, further requests that the Court allow the undersigned to participate in the hearing on this motion telephonically. This request is being made in an effort to further mitigate the damages already caused by Plaintiff's frivolous complaint. By appearing telephonically, Propat would not incur the travel expenses necessary to have its counsel appear in person at the hearing. Propat would also not oppose Plaintiffs' counsel appearing by telephone.

Propat Motion for Sanctions Under Fed. R. Civ. P. 11 and Brief in Support Thereof
Rpost International Ltd., et. al. v. AuthentiX - Authentication Technologies Ltd., et. al. 06-1193 (EMC)
Page 2

**MEMORANDUM IN SUPPORT OF THE MOTION**

**I.     INTRODUCTION AND STATEMENT OF FACTS**

This action is related to two previously filed actions that were consolidated into one action before the Honorable James V. Selna in the U.S. District Court for the Central District of California. That case is currently in the briefing stage on appeal before the U.S. Court of Appeals for the Federal Circuit having case nos. 2006-1222, -1223, 1270.

The first action was captioned Propat International Corp. v. RPost, Inc., and RPost US, Inc., and was originally filed in the United States District Court for the Northern District of California having case number CV-02-02473 (MJJ). Judge Jenkins granted RPost's motion to transfer venue to the Central District of California. The second action captioned Propat International Corp. v. RPost International, LTd. was filed in the United States District Court for the Southern District of Texas. On motion from RPost, the Court also transferred venue to the Central District of Texas. Judge Selna consolidated the cases into one action having case number CV-03-1011 (JVS). (hereinafter "the Prior Pending Action") In the Prior Pending Action, Propat asserted patent infringement of the '219 Patent by the RPost Registered E-Mail system.

The following facts relate to the Prior Pending Action and are relevant to this motion:

On January 14, 2005, Judge Selna issued a claim construction order for the '219 Patent.

On January 24, 2005, RPost filed a motion for reconsideration of the claim construction and in the alternative a motion to certify the claim construction order for interlocutory appeal. On February 9, 2005, Judge Selna denied both the motion for reconsideration and the request to certify the order for interlocutory appeal.

Later that year, the parties filed respective cross motions on the issue of infringement. After hearing oral arguments on the respective motions, Judge Selna denied RPost's motion and granted Propat's motion for partial summary judgment of infringement in its order dated August 17, 2005. In his order, Judge Selna found that the '219 Patent was not invalid and that the RPost Registered E-Mail system infringed the '219 Patent.

A trial date on the remaining issues in the case including damages and the individual liability of some of the defendants was set for September 27, 2005. On September 23, 2005,

Propat Motion for Sanctions Under Fed. R. Civ. P. 11 and Brief in Support Thereof
Rpost International Ltd., et. al.  v. AuthentiX - Authentication Technologies Ltd., et. al. 06-1193 (EMC)
Page 3

Judge Selna granted Propat's request to continue the trial date due to emergency hurricane evacuation orders that Propat's principle and its lead counsel were responding to in Houston, Texas. On September 30, 2005, Judge Selna held a telephone conference with counsel for the parties and reset the trial date for February 14, 2006. Upon the urging of Propat's counsel, Judge Selna allowed Propat the opportunity to file a motion regarding the issue of standing.

On are about October 13, 2005, RPost also filed a motion to dismiss the action for lack of standing. In its motion, RPost requested the District Court to vacate its previous orders regarding the claim construction and finding of infringement. On October 31, 2005, Propat in compliance with Judge Selna's pervious order filed a motion to establish standing. On November 21, 2005, Judge Selna heard oral arguments on the two motions regarding standing. On November 28, 2005, Judge Selna denied Propat's motion and granted the RPost's motion to dismiss for lack of standing. Judge Selna ordered the dismissal to be without prejudice.

On December 22, 2005, Judge Selna entered his Final Judgment dismissing the action without prejudice and vacating the claim construction order and the order granting Propat's motion for partial summary judgment of infringement. Propat appealed the finding of a lack of standing. RPost's notice of cross appeal was filed on January 5, 2006, seeking an appeal of Judge Selna's claim construction order and Judge Selna's finding of infringement.

In his Final Judgment, Judge Selna reserved continuing jurisdiction under the protective order.

Attached hereto as Exhibit A, is the Final Judgment from the Prior Pending Action. Attached hereto as Exhibit B, is Judge Selna's order relating to Propat's standing.

Plaintiff filed the current case on February 17, 2006. On March 17, 2006, pursuant to the "safe harbor" provision of Fed. R. Civ. P. 11©, Propat served Plaintiffs with a motion under Rule 11. On April 26, 2006, after Plaintiffs' failure to withdraw the frivolous complaint, Propat filed a motion to dismiss for lack of subject matter jurisdiction, lack of personal jurisdiction, and improper venue. In response to the motion, on May 3, 2006, Plaintiffs filed a voluntary dismissal of Propat. The Plaintiffs provided no opposition to the statements and allegations made in the

Propat Motion for Sanctions Under Fed. R. Civ. P. 11 and Brief in Support Thereof
Rpost International Ltd., et. al. v. AuthentiX - Authentication Technologies Ltd., et. al. 06-1193 (EMC)
Page 4

motion to dismiss. The Plaintiffs' dismissal of Propat was well beyond the 21 day "safe harbor" period of Fed. R. Civ. P. 11©.

## II. RULE 11 EMPOWERS THE COURT TO SANCTION A PARTY OR ITS ATTORNEY

Fed. R. Civ. P. 11 applies to any pleading, written motion, or other paper submitted to the Court. In this case, Rule 11 applies to the Plaintiffs' original complaint. The attorney, upon submitting the paper to the Court, is certifying that a reasonable inquiry was made concerning the allegations and other factual contentions therein. Fed. R. Civ. P. 11 states:

> By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, –
>
> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
>
> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

Fed. R. Civ. P. 11(b) [emphasis added].

The central purpose of Rule 11 is to deter baseless filings in a U.S. district court. <u>Cooter & Gell v. Hartmarx Corp.</u>, 496 U.S. 384, 393 (1990)(upholding a finding that Rule 11 sanctions should be imposed for a lack of reasonable pre-filing inquiry). A party has "an affirmative duty to conduct a reasonable inquiry into the facts and the law before filing, and that the applicable

Propat Motion for Sanctions Under Fed. R. Civ. P. 11 and Brief in Support Thereof  
Rpost International Ltd., et. al. v. AuthentiX - Authentication Technologies Ltd., et. al. 06-1193 (EMC)  
Page 5

standard is one of reasonableness under the circumstances." Business Guides, Inc. v. Chromatic Communications Enters., Inc., 498 U.S. 533, 551 (1991).

Moreover, "[t]he certification requirements of Rule 11 are violated 'if the paper filed . . . is frivolous, legally unreasonable or without factual foundation, even though . . . not filed in subjective bad faith.'" Pickern v. Pier 1 Imports (U.S.), Inc., 339 F.Supp. 1081, 1089 (E.D. Cal. 2004)(Citing Zaldivar v. City of Los Angeles, 780 F.2d 823, 831 (9th Cir. 1986)).  "Rule 11 requires attorneys to conduct a reasonable inquiry into the law and facts before signing pleadings." Id. (Citing Business Guides v. Chromatic Enters., Inc., 498 U.S. at 542.).  The test of whether the attorney's conduct was reasonable is an objective test.  See West Coast Theater Corp. v. City of Portland, 897 F.2d 1519, 1526 (9th Cir. 1990)(Citing Community Elec. Serv. v. National Elec. Contractors Ass'n, Inc., 869 F.2d 1235, 1243 (9th Cir. 1989)).

### III. PLAINTIFFS' FILING OF THE ORIGINAL COMPLAINT FAILS THE OBJECTIVE TEST OF RULE 11

#### A. No Reasonable Attorney Would Have Concluded that the Court Had Subject Matter Jurisdiction.

##### 1. Legal Standard for Bringing a Declaratory Judgment Action.

RPost has brought this action under the Declaratory Judgment Act, 28 U.S.C. § 2201(a), seeking a declaratory judgment against Propat that U.S. Patent No. 6,182,219 ("the '219 Patent") and U.S. Patent No. 6,571,334 ("the '334 Patent") are both invalid and not infringed.  The relevant part of the act is as follows:

> In a case of actual controversy within its jurisdiction ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.  28 U.S.C. § 2201(a).

This is a patent infringement action, therefore, Federal Circuit law applies in this case. The act requires that there be "an actual controversy between the parties before a federal court may exercise jurisdiction over an action for a declaratory judgment". EMC Corp. v. Norand

Propat Motion for Sanctions Under Fed. R. Civ. P. 11 and Brief in Support Thereof
Rpost International Ltd., et. al.  v. AuthentiX - Authentication Technologies Ltd., et. al. 06-1193 (EMC)
Page 6

Corp., 89 F.3d 807, 810 (Fed. Cir. 1996). Moreover, "[g]enerally the presence of an 'actual controversy', within the meaning of the Act, depends on 'whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between the parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." Teva Pharms. USA, Inc. v. Pfizer, Inc., 395 F.3d 1324, 1331 (Fed. Cir. 2005)(quoting Md. Cas. Co. v. Pac. Coal & Oil Co., 312 U.S. 270, 273 (1941)).

In determining whether an actual justiciable controversy exists, the Federal Circuit has established a two part inquiry that focuses on the conduct of both the patentee and the potential infringer. Id. at 1333. First, there must be an explicit threat or other action by the patentee which creates a reasonable apprehension on the part of the plaintiff that it will face an infringement suit. Id. Second, there must be present activity on the part of the plaintiff which could constitute infringement, or concrete steps taken with the intent to conduct such activity. Id. Each of the Declaratory Judgment plaintiffs have the burden of proof for establishing these two prongs. Spectronics Corp. v. H.B. Fuller Co. Inc., 940 F.2d 631, 634 (Fed. Cir. 1991).

        2.    **Plaintiffs Could Not Have Reasonably Believed that an Actual Controversy Between Them and Propat Existed.**

In filing this action against Propat, the Plaintiffs and their counsel could not have reasonably believed that the Court had subject matter jurisdiction. Indeed, this court lacks subject matter jurisdiction over the allegations against Propat because there is no actual controversy between Propat and any of the Plaintiffs. Plaintiffs' dismissal of the complaint against Propat without opposition illustrates that this Court did not have subject matter jurisdiction over Propat.

Upon the urging of Propat, Judge Selna in the Prior Pending Action found that Propat is not the patentee of any patents owned by AuthentiX and does not have standing to participate in a lawsuit related to those patents as a named party. [See Exhibits A & B] Indeed, Judge Selna, upon the urging of RPost, found that Propat possessed merely a bare license. Judge Selna's opinion and final judgment held that the agreement between Propat and AuthentiX does not confer upon Propat standing to sue for infringement. [See Exhibits A & B] Propat has appealed

Propat Motion for Sanctions Under Fed. R. Civ. P. 11 and Brief in Support Thereof
Rpost International Ltd., et. al. v. AuthentiX - Authentication Technologies Ltd., et. al. 06-1193 (EMC)
Page 7

1  that decision and the matter remains in the briefing stage before the Appeals Court.  The
2  relationship between Propat and AuthentiX has not changed since the Court's Final Judgment.
3  [See Exhibit C] The agreement that was the subject of the Court's final judgment regarding
4  standing remains the only agreement between Propat and AuthentiX. [See Exhibit C]  Therefore,
5  based upon Judge Selna's ruling, Propat cannot bring a lawsuit against any of the Plaintiffs and
6  neither can any of the Plaintiffs to this case be in reasonable apprehension of a lawsuit.
7      Based upon these undisputed facts, Propat cannot be the patentee in the first prong of the
8  test.  Neither could Propat have made any explicit threats or have taken other action to place any
9  of the Plaintiff's in reasonable apprehension of being sued.  Indeed, RPost prior to filing this
10 lawsuit had successfully received an order in the Prior Pending Action stating that Propat cannot
11 bring a lawsuit for infringement.  The test of whether Plaintiff's would be in reasonable
12 apprehension of being sued is an objective test.  No reasonable person would be in apprehension
13 of being sued by Propat after they had just obtained an order from a district court that Propat
14 could not sue them for infringement.  In bringing this action, RPost was attempting to render
15 Judge Selna's order as well as the entire appeal process moot.
16     Unfortunately, RPost has engaged in this misconduct of filing this lawsuit without any
17 factual investigation in order to circumvent the appeal process and to avoid having the matter
18 proceed in the Central District of California before Judge Selna.  It is telling that in the Prior
19 Pending Action, RPost submitted declarations from its CEO Mr. Zafar Khan to support its
20 motion to transfer venue from the Northern District of California to the Central District of Cal.
21 Now that Judge Selna has indicated that the RPost registered e-mail system does indeed infringe
22 the '219 Patent, RPost has filed this action in this Court in an effort to avoid having the matter
23 proceed before Judge Selna if Propat is successful on appeal.
24     More telling, however, is that the Plaintiffs' complaint lacks any specific factual
25 allegations that would support subject matter jurisdiction under the Declaratory Judgment Act.
26 Indeed, the complaint contains only generic conclusions.  There are no factual allegations to
27 support the conclusions.  Neither is there any specific factual allegations to support any specific
28 threats against each of the individual plaintiffs by Propat.

Propat Motion for Sanctions Under Fed. R. Civ. P. 11 and Brief in Support Thereof
Rpost International Ltd., et. al.  v. AuthentiX - Authentication Technologies Ltd., et. al. 06-1193 (EMC)
Page 8

Based upon the foregoing, Plaintiffs and their counsel could not have reasonably concluded that this Court had subject matter jurisdiction over the action. Therefore, the filing of the complaint against Propat was in violation of Rule 11.

**B.     No Reasonable Attorney Would Have Concluded that the Court Could Properly Exercise Personal Jurisdiction Over Propat.**

The Plaintiff bears the burden of establishing personal jurisdiction over the Defendant Propat. See Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 800 (9th Cir. 2004). Moreover, "because California's long-arm jurisdictional statute is coextensive with federal due process requirements, the jurisdictional analyses under state law and federal due process are the same". Id. at 800-01. Therefore, for a "court to exercise personal jurisdiction over a nonresident defendant, that defendant must have at least minimum contacts with the relevant forum such that the exercise of jurisdiction 'does not offend traditional notions of fair play and substantial justice'". Id. at 801.

The Plaintiffs' complaint does not contain any factual allegations related to an exercise of personal jurisdiction. Indeed, there are no allegations that this Court may properly exercise personal jurisdiction over Propat. The Complaint correctly states that Propat is a Texas corporation with its principle place business in Houston, Texas. The Complaint, however, is utterly lacking in any support for this Court's exercise of personal jurisdiction and therefore should be dismissed. The Plaintiffs' failure to include any factual allegations for personal jurisdiction illustrates that Plaintiffs and their counsel did not conduct a reasonable investigation into whether personal jurisdiction could properly be exercised by the Court over Propat.

Propat is a corporation organized under the laws of the State of Texas. Its principle and only place of business is located in Houston, Texas. [See Exhibit C] Propat does not own any property in California, nor does it maintain any bank accounts in California. [See Exhibit C] Propat does not have any clients or customers in California. [See Exhibit C] Propat does not advertise in California. [See Exhibit C] Propat's only connection with California is its prosecution of the Prior Pending Action.

Based upon these undisputed facts, the complete lack of factual allegations in the

Propat Motion for Sanctions Under Fed. R. Civ. P. 11 and Brief in Support Thereof
Rpost International Ltd., et. al.  v. AuthentiX - Authentication Technologies Ltd., et. al. 06-1193 (EMC)
Page 9

Plaintiffs' complaint, and the understanding that Plaintiffs and their counsel were fully aware of these facts due to their involvement in the Prior Pending Action, the Court should find that Plaintiffs and their counsel violated Rule 11 in bringing this action.

## IV. PLAINTIFFS' COUNSEL SHOULD BE SANCTIONED

Plaintiffs counsel is without excuse for bringing this frivolous action and should be sanctioned for his conduct. It is understood that whether to sanction a party or its counsel is within the discretion of the Court. The Court, however, does not find the parties in this case as strangers. Indeed, the parties in this action have been engaged in litigation since 2002, and are presently prosecuting respective appeals of the decisions in the Prior Pending Action. The Court should also take into account that in the Prior Pending Action, RPost fought to have the case moved to the Central District of California from this district. After receiving unfavorable decisions on the issue of claim construction and infringement, RPost has filed this frivolous action in an effort to remove the action from the Central District of California, thereby pitting one district court against another with Propat bearing the brunt of the expense for these frivolous shenanigans. In light of the foregoing and the understanding that RPost and its counsel were fully aware of their frivolous actions, it is respectfully requested that the Court sanction Plaintiffs and their counsel and award Propat its reasonable attorneys fees.

As a direct result of the frivolous complaint filed against Propat, the undersigned on behalf of Propat was forced to expend 20 hours, reviewing the complaint, researching and preparing the motions to dismiss and transfer venue, filing the motions to dismiss along with the exhibits, and preparing and filing the current motion. The undersigned's normal billing rate is $175.00, per hour. A sanction of $3,500.00, would satisfy the purpose of Rule 11, which is to deter the Plaintiffs' conduct in this case.

Propat Motion for Sanctions Under Fed. R. Civ. P. 11 and Brief in Support Thereof
Rpost International Ltd., et. al. v. AuthentiX - Authentication Technologies Ltd., et. al. 06-1193 (EMC)
Page 10

Respectfully submitted,

  /sTimothy W. Johnson
Timothy W. Johnson
(pro hac vice)
7519 Apache Plume
Houston, TX 77071
Tel: (713) 729-4991
Fax: (713) 729-4951
litigation@houston.rr.com

Attorney for the Defendant Propat International Corporation

Propat Motion for Sanctions Under Fed. R. Civ. P. 11 and Brief in Support Thereof
Rpost International Ltd., et. al. v. AuthentiX - Authentication Technologies Ltd., et. al. 06-1193 (EMC)
Page 11

## **CERTIFICATE OF SERVICE**

    The foregoing was filed electronically. The following counsel of record for the Plaintiffs was served electronically via the Court's electronic filing system. In addition, I certify that a true and correct copy of the foregoing was served on the following by e-mail on May 16, 2006:

Henry Ben-Zvi
BEN-ZVI & Associates
3231 Ocean Park Blvd., Suite 212
Santa Monica, CA 90405
henry@ben-zvilaw.com

                                          /s Timothy W. Johnson
                                          Timothy W. Johnson, Esq.

Propat Motion for Sanctions Under Fed. R. Civ. P. 11 and Brief in Support Thereof
Rpost International Ltd., et. al. v. AuthentiX - Authentication Technologies Ltd., et. al. 06-1193 (EMC)
Page 12