IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RPOST INTERNATIONAL LTD., et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>AUTHENTIX – AUTHENTICATION TECHNOLOGIES LTD., et al.,<br><br>　　　　Defendants.<br>　　　　　　　　　　　　　　　　　　/ | No. C-06-1193 MMC<br><br>**ORDER DENYING PLAINTIFFS' ADMINISTRATIVE MOTION FOR ORDER AUTHORIZING SERVICE OF PROCESS BY EMAIL ON DEFENDANT AUTHENTIX**<br><br>(Docket No. 21) |

　　　　Before the Court is plaintiffs' administrative motion, filed June 5, 2006, seeking an order authorizing service of process by email on defendant Authentix – Authentication Technologies Ltd. ("Authentix"), which, plaintiffs attest, is an Israeli company. (See Ben-Zvi Decl. ¶ 5.)

　　　　Service of process on a foreign business entity by email is permissible under Rule 4(f)(3) of the Federal Rules of Civil Procedure and the United States Constitution where such means of service is (1) directed by the Court; (2) not prohibited by international agreement; and (3) reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. See Rio Properties, Inc. v. Rio International Interlink, 284 F.3d 1007, 1014, 1016 (9th Cir. 2002).

Israel is a signatory to the Hague Convention; a federal court is prohibited "from issuing a Rule 4(f)(3) order in contravention of an international agreement, including the Hague Convention[.]" See id. at 1015 n.4.  Plaintiffs have not demonstrated that service by email is permitted under the Hague Convention.  Plaintiffs expressly state they wish to serve Authentix by email to avoid the time and cost involved in serving Authentix in accordance with the Hague Convention.  (See Motion at 4.)  Compliance with the Hague Convention "is mandatory in all cases to which it applies," however.  See Volkswagenwerk Aktiengesellschaft v. Schlunk, 486 U.S. 694, 705 (1988).

Accordingly, plaintiffs' administrative motion for an order authorizing them to serve Authentix by email is hereby DENIED.

This order terminates Docket No. 21.

**IT IS SO ORDERED.**

Dated: June 9, 2006

MAXINE M. CHESNEY
United States District Judge