United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RPOST INTERNATIONAL, LTD., et al, <br><br> Plaintiffs, <br><br> v. <br><br> AUTHENTIX - AUTHENTICATION TECHNOLOGIES, LTD., AND PROPAT INTERNATIONAL CORP., <br><br> Defendants. | No. C 06-1193 MMC <br><br> ORDER DENYING PROPAT'S MOTION FOR SANCTIONS UNDER F.R.Civ.P. 11 |

District Judge Chesney referred Propat's motion for sanctions under F.R.Civ.P. 11 to be heard and determined by a magistrate judge – pursuant to the court's assignment system. The matter was duly referred to me. I have read and considered with care the papers the parties have submitted and have determined that this motion can be fairly decided without oral argument. The previously set hearing date is, therefore, vacated.

While the plaintiffs advance several different bases for their opposition to the motion, there is one that both is sufficient and that compels the court to DENY the motion. Rule 11 requires a party who intends to seek sanctions to serve on the targeted party the actual motion that would be filed 21 days later if the allegedly

offending filing or contention was not withdrawn. One principal purpose of this requirement is to make sure that the party toward whom the motion is directed understands clearly all the principal factual and legal contentions on which the motion is based. It is only with that knowledge that the targeted party will be in a position to make a well-informed decision about whether to withdraw the targeted filing or contention. Rule 11 was changed in 1993 in response to a perception that it was being misused to apply unfair pressure on claimants whose rights might well have been violated. Requiring parties who were tempted to bring Rule 11 motions to prepare a full motion – and explain clearly the bases for it – was critical to that reform. As the revised Rule says, the motion that is served on the allegedly offending party must "describe the specific conduct alleged to violate" the substantive provisions of the Rule.

In conformance with the purposes of the 1993 changes in the Rule, the Court of Appeals for this Circuit has held that a party seeking relief under Rule 11 must, as a necessary predicate for triggering the 21-day safe-harbor period, serve on the targeted party a "filing ready" motion. <u>Truesdell v. Southern California Permanente Medical Group</u>, 293 F.3d 1146, 1151 (9th Cir. 2002). Propat failed, by a wide margin, to comply with this requirement. The one page (of text) document that Propat styled a "Motion for Sanctions Pursuant to Fed.R.Civ.P. 11" and served on plaintiffs consists only of the most conclusory legal assertions. It describes no facts and is accompanied by no declarations or supporting documents of any kind. While styled a motion, it merely announces that "Propat <u>would</u> show" (emphasis added) that plaintiffs failed to conduct an appropriate investigation before filing the complaint, that plaintiff should have known the court did not have jurisdiction, and that an improper purpose informed the initiation of the action. Nothing is set forth about the bases for these conclusory predictions. No federal court would grant a moving party

relief on the basis of papers filed in this form; nor should papers filed in this form trigger any duty in an opposing party to respond.

That these judicial responses were predictable is evidenced by the fact that the motion for sanctions that Propat filed after the expiration of the 21-day period consists of ten pages of description of evidence, authority, and argument and is accompanied by multiple pages of exhibits.

The "motion" that Propat served on plaintiffs in an effort to trigger the 21-day safe harbor period also violated this court's Civil Local Rules. The papers included no points and authorities (as required by Civil Local Rule 7-2(b), no proposed order as required by Civil Local Rule 7-2(c), and no affidavit or declaration, as required by Civil Local Rule 7-2(d). For these reasons, this court would have ignored a "motion" filed in the form that Propat served initially on plaintiffs.

Because the "motion" papers on the basis of which Propat attempted to trigger Rule 11 proceedings fell so far short of what that Rule and our Local Rules require, and (in the process) failed to achieve the important purposes that the Federal Rule is intended to secure, Propat's motion is DENIED.

IT IS SO ORDERED.

Dated: July 28, 2006.

/s/ Wayne D. Brazil

WAYNE D. BRAZIL
United States Magistrate Judge

Copies to: MMC,
All parties,
WDB, Stats